UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE TIME FACTORY, INC. d/b/a TF PUBLISHING,<br>    *Plaintiff/Counter-Defendant*,<br><br>vs.<br><br>INDIGO BOOKS & MUSIC, INC.,<br>    *Defendant/Counter-Claimant.* | )<br>)<br>)<br>)   1:12-cv-01018-JMS-DKL<br>)<br>)<br>)<br>) |

## ORDER TO FILE JOINT JURISDICTIONAL STATEMENT

Plaintiff/Counter-Defendant The Time Factory, Inc. d/b/a TF Publishing ("TF") filed a Complaint against Defendant/Counter-Claimant Indigo Books & Music, Inc. ("Indigo") on July 25, 2012. [Dkt. 1.] In the Complaint, TF alleged that this Court has diversity jurisdiction under 28 U.S.C. § 1332 because: (1) TF is an Indiana corporation with its principal place of business in Indiana, [*id.* at 1, ¶ 1]; (2) Indigo is a Canadian corporation with its principal place of business in Toronto, Ontario, [*id.* at 1, ¶ 2]; and (3) the amount in controversy exceeds $75,000, exclusive of interest and costs, [*id.* at 1, ¶ 3].

In its Answer and Counterclaim, [dkt. 14], Indigo states that it lacks knowledge or information sufficient to form a belief as to whether TF is an Indiana corporation with its principal place of business in Indiana, [*id.* at 1], but then asserts that "[u]pon information and belief, [TF] is an Indiana corporation with its principal place of business [in Indiana]," [*id.* at 15, ¶ 2]. Further, in response to TF's allegation that this Court has diversity jurisdiction because the amount in controversy exceeds $75,000 exclusive of interest and costs, Indigo denied "that this Court has personal jurisdiction over Indigo and further denies the remaining allegations in paragraph 3 of the complaint." [*Id.* at 2.]

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Based on Indigo's inconsistent statements regarding TF's citizenship, and Indigo's denial of TF's allegation regarding the amount in controversy, the Court cannot determine whether it can exercise diversity jurisdiction over this case.

Specifically, the parties are reminded that: (1) jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); and (2) it is insufficient for a party to generically allege that another party is *not* a citizen of a state, *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996).

The Court **ORDERS** the parties to meet and confer, and conduct whatever investigation necessary, to determine whether this Court has diversity jurisdiction. If the parties agree that diversity jurisdiction is proper, they shall file a joint jurisdictional statement by **October 12, 2012** setting forth the parties' citizenship and a statement regarding the amount in controversy. If the parties cannot agree on any jurisdictional requirement, they are ordered to file competing jurisdictional statements by **October 12, 2012** setting forth their positions.

09/26/2012

                                              Hon. Jane Magnus-Stinson, Judge
                                              United States District Court
                                              Southern District of Indiana

**Distribution via ECF only:**

Thomas A. Brodnik
DONINGER TUOHY & BAILEY LLP
tbrodnik@dtblegal.com

John J. Moore
DONINGER TUOHY & BAILEY LLP
jmoore@dtblegal.com

Michael C. Terrell
TAFT STETTINIUS & HOLLISTER LLP
mterrell@taftlaw.com

Danielle Beth Tucker
TAFT STETTINIUS & HOLLISTER LLP
dtucker@taftlaw.com